# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DAVID T. JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHELBY COUNTY SHERIFF'S ) <br> DEPARTMENT, OFFICER FNU ) <br> WILLIAM and OFFICER FNU FISH, ) <br> ) <br> Defendants. ) | No. 18-cv-2081-SHL-cgc |

## ORDER DISMISSING COMPLAINT

Before the Court is Magistrate Judge Charmaine G. Claxton's Report and Recommendation ("Report") (ECF No. 5), filed February 14, 2018, recommending dismissal of Plaintiff's Complaint. A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for involuntary dismissal of an action for failure to state a claim for which relief can be granted. 28 U.S.C. § 636(b)(1)(B).[1] The district judge may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

Mr. Jones complains about inhumane conditions of confinement at the Shelby County Jail in Memphis, Tennessee (also known as "201 Poplar"). In his Complaint, he alleges that the jailers "[take] gang members around . . . and pass out rubber gloves to beat inmates to death." (ECF No. 1 at 2.) He refers to "gang control terrismson [sic] thunderdorm [sic] cannibalism fights inside the jail." (ECF No. 1-1 at 1.) He also alleges that dozens of inmates die at

---

[1] Mr. Jones was entitled to file any objections to the Report within fourteen days of being served with a copy. See id. As of April 13, 2018, Mr. Jones had filed no objections.

201 Poplar every day, and that government officials are feeding the bodies to the other detainees. (Id.)

According to Mr. Jones, these actions are allegedly intended, in part, either to prevent Mr. Jones from telling others about what is going on or to retaliate against him for filing other unspecified complaints. Mr. Jones alleges that his own life has been endangered dozens of times over the past sixteen years, since he began filing complaints against the Sheriff. (ECF No. 1-1 at 2–3.) On one occasion, he complains that he was assigned to "the suicide cell" at 201 Poplar "because the Sheriff stated that [he] had to die, because [he was a] witness." (Id. at 1.) He also complains that he was "[taken] off [his] trial in Criminal Court," sent "to a mental hospital in Nashville, Tennessee," and "put . . . on lots of medication to cover up [the truth] so [that] the real state and federal government [won't] investigate them or get involved in this matter." (Id. at 2.)[2]

Magistrate Judge Claxton found that the Complaint was "largely incomprehensible" and that it failed to "assert any coherent claim against any person or entity under any colorable legal theory." (ECF No. 5 at 2.) As such, she concluded that it did not comply with the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim showing that the pleader is entitled to relief," and recommended that the Complaint be dismissed. (Id. at 5.)

The Court finds that the Complaint should be dismissed, agreeing with Judge Claxton that many of the allegations here are difficult to decipher and untethered to a cause of action. In addition, that which can be deciphered here is "factually frivolous." Twenty-eight U.S.C. § 1915(e)(2)(B)(i) directs that a district court "shall" dismiss a case "at any time if the court determines that . . . the action . . . is frivolous or malicious." Thus, the Court is to engage in the

---

[2] Although he contests the diagnosis, Mr. Jones's Complaint discloses that he has been diagnosed with paranoid schizophrenia. (Id.) He also complains that "disaster" follows him in and out of state custody, and that "the medication the state put [him] on [almost] shut down [his] kidney[s]" and caused him to require dialysis. (Id. at 2–3.)

"unusual" act of "pierc[ing] the veil of the complaint's factual allegations and dismiss[ing] those claims whose factual contentions are clearly baseless." Hill, 630 F.3d at 471 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' allegations . . . in pro se prisoner complaints reviewed for frivolousness." Id. (quoting Neitzke, 490 U.S. at 327–28).  A finding of factual frivolousness is not appropriate when the Court simply "finds the plaintiff's factual allegations unlikely." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).  Rather, it is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

Mr. Jones appears to be in a great deal of distress, and the Court wishes him well.  The allegations presented, however, rise to the level of the irrational and the incredible.  See id.  As such, dismissal of his Complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i), as well as for failure to state a claim.

**IT IS SO ORDERED,** this 18th day of April, 2018.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE